UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL    'O'

| Case No. | ED16CV00152-CAS(DTBx) ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)  MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     ( IN CHAMBERS) - DISCHARGE OF ORDER TO SHOW
CAUSE (Case No. CV-16-152, Dkt. 22)

PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO
F.R.C.P. 11, 28 U.S.C. §1927, AND THE COURT'S INHERENT
SUPERVISORY POWER (Case No. CV-16-152, Dkt. 24)

DEFENDANTS' MOTION TO CONSOLIDATE CASES (Case
No. CV-16-152, Dkt. 32)

PLAINTIFF'S MOTION TO REMAND CASE NO. CV-16-1081
TO THE SAN BERNARDINO COUNTY SUPERIOR COURT
(Case No. CV-16-1081 [Mislabeled as Dkt. 37 in Case No. CV-16-
152])

The Court finds this motion appropriate for decision without oral argument.  See
Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of June 13,
2016 is vacated, and the matter is hereby taken under submission.

//
//

## I.    INTRODUCTION & BACKGROUND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                               'O'

| Case No. | ED16CV00152-CAS(DTBx) ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)  MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

On January 26, 2016, plaintiff Jose M. Villagordoa Bernal ("Villagordoa") filed the instant action in federal court against defendants Hector Manuel Rodriguez ("Rodriguez") and Luis A. Rojas ("Rojas")  (collectively, "defendants").  Dkt. 1 (Compl.).  In brief, plaintiff Villagordoa alleges that defendants defrauded him and his mother, Maria Susana Evans Bernal ("Bernal")—who is not a party in this suit—of $50,000 by fraudulently inducing them to invest in a hair salon business.  See generally id. at ¶¶ 10-42.  On January 22, 2016, four days *before* filing the instant complaint, plaintiff Villagordoa voluntarily dismissed a single claim that he had previously been asserting in a state action in the San Bernardino County Superior Court ("the Superior Court action"), in which both he and his mother were plaintiffs, and both Rodriguez and Rojas were defendants.  See Bernal v. Rodriguez, No. DS 1515538 (Cal. Super. Ct. Filed October 23, 2015).  The Superior Court action asserts a variety of state law claims and alleges largely the same facts as the operative complaint in this federal action.[1]  In the instant case, in which only Villagordoa (and not his mother) is a plaintiff, the operative complaint asserts claims for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d) ("RICO"), as well as state law claims for intentional misrepresentation, intentional infliction of emotional distress, breach of fiduciary duty, and concealment.  See generally Dkt. 1.

On February 26, 2016, defendants, proceeding *pro se*, filed separate motions, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue, based upon the existence of the Superior Court action.  Dkt. 10 ("Rojas Motion"),

---

[1] Specifically, the original complaint in the Superior Court action asserts claims for (1) fraud, (2) fraud in the inducement, (3) conspiracy to commit fraud, (4) conversion, (5) intentional infliction of emotional distress, (6) breach of contract, (7) breach of fiduciary duty, (8) unlicensed practice of accounting, and (9) defamation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **'O'**

| Case No. | ED16CV00152-CAS(DTBx) | Date | June 10, 2016 |
| | ED16CV01081-CAS(DTBx) | | |

| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) |
| | |
| | MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) |

13 ("Rodriguez Motion").[2]  On April 1, 2016, plaintiff filed an opposition to defendants' motions.  Dkt. 16 ("Opp'n").  In an order dated April 20, 2016, the Court denied defendants' motions to dismiss for improper venue, dkt. 21, and issued an order to show cause, dkt. 22, as to why the instant case should not be stayed pending resolution of the Superior Court action.[3]

        Shortly thereafter, on April 25, 2016, plaintiff filed the instant motion for sanctions, in which plaintiff requests that the Court impose sanctions pursuant to its inherent power, as well as its power to impose sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11.[4]  Dkt. 24 ("Motion for Sanctions").  The gravamen of plaintiff's motion for sanctions is that defendants' Rule 12(b)(3) motions were "unquestionably ghostwritten by undisclosed legal professionals."  Id. at 11.  Accordingly, plaintiff moves this Court to order defendants to disclose the following: (1) Whether they have received legal assistance in the drafting of their filings or in the presentation of their claims, including assistance from formerly licensed California attorneys; (2) the date of admittance to the Central District court of any attorneys who provided assistance.  Id. at 6.

        On June 6, 2016, one week before the scheduled hearing on plaintiff's motion for sanctions, defendants—now represented by attorney Franklin S. Adler—filed an untimely

---

        [2]  Defendants Rojas and Rodriguez filed separate motions.  However, the motions were nearly identical save for the filer's names and declarations.

        [3]  On May 2, 2016, plaintiff timely responded to the Court's order to show cause.  Dkt. 25.  For good cause shown, the Court's OSC (dkt. 22), is hereby **DISCHARGED**.

        [4]  A Rule 11 "motion for sanctions must be made separately from any other motion," and the opposing party must be given 21 days to correct the alleged violation.  Fed. R. Civ. P. 11(c)(2).  Here, plaintiff has complied with this requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              **'O'**

| Case No. | ED16CV00152-CAS(DTBx)<br>ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)<br><br>MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

opposition to plaintiff's motion for sanctions. Dkt. 33 ("Opp'n"). On June 7, 2016, plaintiff filed a reply to defendants' opposition. Dkt. 36 ("Reply").[5] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Outstanding Matters

Before reaching the merits of plaintiff's motion for sanctions, some housekeeping is in order.

In his April 1, 2016 opposition to defendants' Rule 12(b)(3) motions, plaintiff represented that he had voluntarily dismissed without prejudice his sole claim in the parallel Superior Court action, "essentially removing himself from the State complaint." Dkt. 16, at 6. However, plaintiff did not mention in his opposition that the First Amended Complaint in the Superior Court action, which was filed on March 28, 2016, again *included* claims (some under federal law) that were being asserted by plaintiff Villagordoa. Due in part to plaintiff's assertion of these federal claims in the Superior Court action, on May 2, 2016, defendants filed a Notice of Related Case and a Notice of Removal with the Superior Court. <u>See</u> Dkt. 37, Ex. C, Ex. N. Crucially, however, defendants did not file a Notice of Removal in federal court until May 4, 2016, and even then, improperly filed the Notice as a docket entry in the instant federal action rather than as a new action. <u>See</u> Dkt. 26 ("First Notice of Removal"). Accordingly, on May 9, 2016,

---

[5] In his reply, plaintiff seeks additional sanctions in the amount of $3,553.75 on account of plaintiff's late-filed opposition. Plaintiff's request is premised on the grounds that his attorney, Christian Wyatt Barton, was required to "work all night" to file a reply to defendants' untimely opposition. Reply at 10. As with all of plaintiff's requests for sanctions, plaintiff's request for an additional $3,553.75 is hereby **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                        'O'

| Case No. | ED16CV00152-CAS(DTBx)<br>ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|----------|-----------------------------------------------|------|---------------|
| Title    | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)<br><br>MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

defendants' First Notice of Removal was stricken by the Court.  Dkt. 29.  In striking defendants' First Notice of Removal, the Court stated, "The document is stricken. Defense counsel may file a Notice of Removal as a new action, if he wishes to remove the action to this Court."  Id.

On May 24, 2016, defendants filed a second Notice of Removal in federal court and thereby removed the Superior Court action to federal court.  See Case No. 5:16-cv-01081-CAS-DTB, Dkt. 1 ("Second Notice of Removal").  The now-removed Superior Court action was then transferred to the undersigned as a case that is related to the pending federal action.  Accordingly, on June 8, 2016, plaintiff timely filed a motion to remand the Superior Court action to the San Bernardino County Superior Court—although plaintiff's motion to remand appears to have mistakenly been docketed under the instant federal action (Case No. CV-16-152) and not under the case number for the now-removed Superior Court action (Case No. CV-16-1081).  See Dkt. 37 ("Motion to Remand").  In addition, on June 6, 2016, defendants filed a motion to consolidate the now-removed Superior Court action and the instant federal action, pursuant to Federal Rule of Civil Procedure 42(a).  Dkt 32 ("Motion to Consolidate").

With the foregoing in mind, the Court orders as follows:

First, in light of the Court's denial of defendants' Rule 12(b)(3) motions to dismiss this case, the Court hereby notifies defendants that failure to serve a responsive pleading in this action (Case No. CV-16-152), pursuant to Federal Rule of Civil Procedure 12, on or before **Monday, June 20, 2016**, may result in the entry of default by the Clerk of Court pursuant to plaintiff's application for entry of default, dkt. 30.

Second, the Court **REMANDS** the Superior Court Action, Case No. 5:16-cv-01081-CAS-DTB, to the San Bernardino County Superior Court on the grounds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   'O'

| Case No. | ED16CV00152-CAS(DTBx)<br>ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)<br><br>MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

that defendants' removal was untimely under 28 U.S.C. § 1446.[6]  Generally, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  As is relevant here, "[t]he time limitations of § 1446(b) are mandatory and the defendant must strictly comply with them.  [Citations.]  If [the Superior Court action] was not timely removed it should be remanded to the state court."  Douglass v. Weyerhaeuser Co., 662 F. Supp. 147, 149 (C.D. Cal. 1987).

28 U.S.C. § 1446 provides "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper [such as an amended pleading] 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.' " Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1146(b)(3)).  Where, as here, "the timeliness of removal under section 1441 is at issue, . . . removal statutes are to be strictly construed against federal court jurisdiction.  When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006) (noting that "it makes sense to presume that removal statutes are to be strictly construed against federal court jurisdiction" where "the timeliness of removal under section 1441 is at issue"); U. S. ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975) (noting that "numerous cases . .

---

[6]  The Court notes that it has a *sua sponte* obligation to confirm that it has subject matter jurisdiction.  Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                         'O'

| Case No. | ED16CV00152-CAS(DTBx) <br> ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) <br><br> MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

. hold that [28 U.S.C. § 1446], insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed").

Here, plaintiff served defendants via mail with the First Amended Complaint in the Superior Court action on Monday, March 28, 2016. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3) and Federal Rule of Civil Procedure 6(d) (noting that "3 days are added after the period would otherwise expire" when service is made by mail), defendants were required to file their Notice of Removal in federal court within thirty-three days of Monday, March 28, 2016—that is, no later than Monday, May 2, 2016. See Fed. R. Civ. P. 6(d); Student A. By & Through Mother of Student A. v. Metcho, 710 F. Supp. 267, 268-69 (N.D. Cal. 1989) ("[T]he time began to run upon deposit of the amended complaint in the mail on December 15, 1988 when, under [California] state law, service was complete, Cal. Civ. Proc. Code § 1013(a). Therefore, the thirty-three day period [proscribed by Fed. R. Civ. P. 6(e)] expired on January 17, 1989, two days before defendants filed their notice of removal."); Orr v. Trina, Inc., 1994 WL 28028, at *1 (N.D. Cal. Jan. 21, 1994) ("A defendant seeking to remove a state court action to federal court must file its notice of removal, 'within 30 days after receipt by defendant, through service or otherwise, of a copy of the initial pleading . . .' [Citation]. The limitation period also must include three days pursuant to F. R. C. P. Rule 6(e) for a total of 33 days.").

However, defendants—who were represented by counsel at the time—untimely filed their First Notice of Removal in federal court (albeit under the wrong case number and in a filing that was ultimately stricken) on Wednesday, May 4, 2016—two days after the relevant deadline. Accordingly, even if the Court considers defendants' (procedurally defective) May 4, 2016 Notice of Removal, defendants' removal of the Superior Court action (Case No. 5:16-cv-01081-CAS-DTB), was still untimely under 28 U.S.C. § 1446(b)(3). The Superior Court Action is therefore appropriately remanded to the San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                        **'O'**

| Case No. | ED16CV00152-CAS(DTBx) <br> ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) <br><br> MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

Bernardino County Superior Court.[7]  See Rodriguez v. Boeing Co., 2014 WL 3818108, at *7 (C.D. Cal. Aug. 1, 2014) (Lew, J.) (remanding action after finding removal untimely under 28 U.S.C. § 1446(b)(3) where the thirty-day clock began to ran on April 23, 2014, and defendant removed over thirty days later, on June 3, 2014); Cioffi v. Solomon, 2014 WL 6679555, at *3 (N.D. Cal. Nov. 21, 2014) ("Because defendants' removal fell outside [the] thirty-day window, this case was untimely removed under Section 1446(b)(3).").

In finding a remand appropriate, the Court notes that although it has original jurisdiction over the Superior Court action based upon Villagordoa's assertion in the First Amended Complaint of two civil RICO claims under 18 U.S.C. § 1961, et seq., state

---

[7] Based upon defendants' attempt at removal, plaintiff requests that the Court award plaintiff $4,366.25 pursuant to 28 U.S.C. §1447(c), as well as under the Court's inherent power to levy sanctions. Dkt. 37, at 24.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  District courts have "wide discretion" to award costs and fees under section 1447(c).  See Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 447 (9th Cir. 1992).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "If the law in the Ninth Circuit is 'not so clear as to make [the removing party's] endeavor entirely frivolous,' a court will deny the request for attorney's fees."  FSM Dev. Bank v. Arthur, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012) (Koh, J.) (quoting Lion Raisins, Inc. v. Fanucchi, 788 F.Supp.2d 1167, 1175 (E.D. Cal. 2011)).  Here, defendants' multiple attempts at removal, though untimely and ultimately unsuccessful, were not sufficiently frivolous as to warrant the exercise of this Court's discretion to award attorneys' fees.  Accordingly, plaintiff's request for costs and attorneys' fees is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                             **'O'**

| Case No. | ED16CV00152-CAS(DTBx) | Date | June 10, 2016 |
|----------|------------------------|------|---------------|
|          | ED16CV01081-CAS(DTBx)  |      |               |

| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) |
|-------|------------------------------------------------------------------------------------|
|       | MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) |

courts "have concurrent jurisdiction over [such] federal civil RICO claims." Feminist Women's Health Ctr. v. Codispoti, 63 F.3d 863, 869 (9th Cir. 1995) (citing Tafflin v. Levitt, 493 U.S. 455, 460 (1990); Tafflin, 493 U.S. at 460 ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1028 (9th Cir. 2013) ("State courts do have concurrent jurisdiction over civil RICO claims . . . .").

In light of the Court's remand, defendants' motion to consolidate the Superior Court action and the instant federal action (dkt. 32) is hereby **DENIED AS MOOT**.

**B.     Plaintiff's Motion for Sanctions**

**1.     Legal Standards**

**a.     Sanctions Pursuant to the Court's Inherent Power**

The district courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions pursuant to the Court's inherent authority "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. However, these sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id.

"For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." Id. at 992 (internal quotation marks and citations omitted). A court may assess

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | ED16CV00152-CAS(DTBx) <br> ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) <br><br> MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

attorneys' fees pursuant to its inherent power when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' "  Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)).  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  Id. at 44.

### b.      Sanctions Pursuant to 28 U.S.C. § 1927 ("Section 1927")

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "[D]amages under section 1927 are appropriate where there is no obvious violation of the technical rules, but where, within the rules, the proceeding is conducted in bad faith for the purposes of delay or increasing costs."  Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986).  The statute "applies only to unnecessary filings and tactics once a lawsuit has begun."  In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before they can be imposed, Section 1927 sanctions "must be supported by a finding of subjective bad faith."  Id. at 436 (quoting New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)).  Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  Id. (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)).  Put differently, "[f]or sanctions to apply [under Section 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."  Id.  "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith."  New Alaska, 869 F.2d at 1306 (internal citations omitted).  Indeed, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith."  Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                    'O'

| Case No. | ED16CV00152-CAS(DTBx) ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)  MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

     The decision to sanction a party under Section 1927 rests in the sound discretion of the district court. Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir. 1990) (noting district court's award of sanctions pursuant to Section 1927 is reviewed for abuse of discretion); see also MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir. 1991) (holding district court abused its discretion by awarding Section 1927 sanctions); Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1996) (holding district court abused its discretion by *not* awarding Section 1927 sanctions where attorney's conduct—i.e., his "intentional disregard" of his clients' "express instructions" to be dismissed from the suit and his "continued insistence that he represented persons who he was not authorized to represent"—were "reckless as a matter of law"). Moreover, Section 1927 sanctions must be tailored to the particular challenged conduct. See, e.g., United States v. Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983) ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

### c.      Sanctions Pursuant to Federal Rule of Civil Procedure 11

     Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b).

     The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                                 'O'

| Case No. | ED16CV00152-CAS(DTBx) ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152)  MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

should be imposed for a violation . . . ."  Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

### 2.    The Court Declines to Impose Sanctions Here

In the instant motion for sanctions, plaintiff's primary contention is that defendants' (now-denied) Rule 12(b)(3) motions were "unquestionably ghostwritten by undisclosed legal professionals," such that both defendants and their "shadow counsel" should be sanctioned by this Court.  Motion for Sanctions at 10-11.  Plaintiff also argues that sanctions are warranted because defendants (1) purportedly violated the Local Rules by failing to meet and confer before filing their Rule 12(b)(3) motion, (2) advanced arguments that were "not supported by fact or law," and (3) made numerous "deliberate factual misrepresentations."

As plaintiff rightly contends, ghostwriting pleadings for *pro se* litigants is wholly inappropriate and potentially sanctionable conduct.  See Walker v. Pacific Maritime Assoc., 2008 WL 1734757, at *2 (N.D. Cal. April 14, 2008) (noting that ghostwriting is prejudicial to opponents and "frustrates" the application of Federal Rule of Civil Procedure 11).  Indeed, the Central District Local Rules make clear that "[a]ny person representing himself or herself in a case without an attorney must appear *pro se* for such purpose," and may not delegate his or her representation "to any other person — even a spouse, relative, or co-party in the case."  C.D. Cal. Local Rule 83-2.2.1.

In the instant motion, plaintiff argues that a "very real possibility exists" that Manuel Lopez—an attorney whom defendants initially retained to provide representation in the Superior Court action but who was purportedly disbarred as of January 23, 2016—"is the true author" of defendants' motions.  In his motion, plaintiff cites what he contends is "overwhelming" evidence that defendants' Rule 12(b)(3) motions were "not the work of a layperson," including "citations in near perfect Bluebook format," "customary legal abbreviations," "customary legal formatting such as the repetitious '///'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   '**O**'

| Case No. | ED16CV00152-CAS(DTBx) <br> ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) <br><br> MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

symbol to indicate a blank line," "customary legal organization of writing in IRAC format," and "the inclusion of properly formatted declarations to support the issues raised within the Motions." Motion for Sanctions at 14-15. However, this Court regularly receives filings with such features from *pro se* litigants, and accordingly cannot conclude that the existence of these features in *pro se* litigants' filings contribute to the "unescapable" conclusion that the filings were the work of attorneys. Id. at 15. In his reply, plaintiff no longer focuses on attorney Lopez, arguing instead that based upon a "close examination" of the opposition to the instant motion, there is "strong circumstantial evidence" suggesting that defendants' currently-retained counsel, Franklin S. Adler, was actually the author of defendants' Rule 12(b)(3) motions. Among other things, plaintiff notes that both the Rule 12(b)(3) motions and defendants' opposition to the instant motion "utilize 12 point Times New Roman font for the body," and "10-point Courier font, all-caps" in the footer.

Ultimately, the Court declines plaintiff's invitation to engage in a forensic analysis of the relevant filings or to otherwise ferret out their true author. The Court also cannot conclude that defendants' Rule 12(b)(3) motions—despite being denied—advanced arguments or made misrepresentations that warrant the imposition of sanctions. Nor does the Court find defendants' failure to meet and confer sufficient to merit the relief plaintiff seeks. At the present time, defendants are represented by counsel in this action. To the extent defendants' legal representation may change, the parties are reminded that ghostwriting of *pro se* filings is, of course, inappropriate and potentially sanctionable conduct. However, in light of the record before it, the Court concludes that no sanctions of any kind are warranted here, at the present time. C.f. Ricotta v. State of Cal., 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998) (disapproving of ghostwriting but noting that "the facts of th[e] case are not nearly egregious enough for this Court to take the unprecedented step of holding an attorney and a pro se party in contempt for giving and receiving assistance in the drafting of documents"), aff'd sub nom. Ricotta v. State of Cal., 173 F.3d 861 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | ED16CV00152-CAS(DTBx) <br> ED16CV01081-CAS(DTBx) | Date | June 10, 2016 |
|---|---|---|---|
| Title | JOSE M. VILLAGORDOA BERNAL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-152) <br><br> MARIA SUSANA EVANS BERNAL, ET AL v. HECTOR MANUEL RODRIGUEZ, ET AL. (Case No. CV-16-1081) | | |

## IV.   CONCLUSION

In accordance with the foregoing, as to Case No. CV-16-1081, the matter is hereby **REMANDED** to the San Bernardino County Superior Court.

As to Case No. CV-16-152, the Court's OSC, dkt. 22, is hereby **DISCHARGED**; plaintiff's motion for sanctions, dkt. 24, is hereby **DENIED**; defendants' motion to consolidate cases, dkt. 32, is hereby **DENIED AS MOOT** on account of the Court's remand of the related case, Case No. CV-16-1081; and defendants are hereby notified that failure to serve a responsive pleading in this action (Case No. CV-16-152), pursuant to Federal Rule of Civil Procedure 12, on or before **Monday, June 20, 2016**, may result in the entry of default by the Clerk of Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |